IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PHILLIP DEWAYNE STEWART                                                                  PLAINTIFF

      v.                              Civil No.  14-6077

DR. A. MURPHY, Ouachita River Unit
(ORU); RAY HOBBS, Director, Arkansas
Department of Correction; DREAM REDIC-YOUNG,
Infirmary Manager, ORU; NURSE KIMBERLY
KELLOGG, ORU; and NURSE RETA DOUGLAS,
ORU                                                                                                    DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

      This is a civil rights action filed by the Plaintiff pursuant to the terms of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.*

      Plaintiff is currently incarcerated in the Varner Unit of the Arkansas Department of Correction (ADC).  The events that are the subject of this case occurred while Plaintiff was incarcerated in the Ouachita River Unit of the ADC.  Plaintiff maintains his constitutional rights were violated when Defendants denied him adequate medical care and when Dr. Murphy made her decision to deny him a prescription based on his race.

      The case is presently before me on a Motion to Dismiss (Doc. 16) filed by Dr. Anne Murphy, Dream Redic-Young, Kimberly Kellogg and Reta Douglas (the Medical Defendants).  Also before me is a Motion to Dismiss (Doc. 18) filed by Former ADC Director Ray Hobbs.  Plaintiff filed a combined Response (Doc. 36) to the Motions.  The Motions are ready for decision.

## 1. Background

According to the allegations of the Complaint (Doc. 2) and the Amended Complaint (Doc. 4), Plaintiff had been given a lower tier and lower rack prescription (the Prescription) by Dr. Ware with an expiration date of October 1, 2013. Plaintiff indicates he has the following medical conditions which necessitate the Prescription: he only has one kidney; he has a bullet in his left thigh; he was shot in the back and also hurt his back during an automobile accident; he has a foot fungus on both big toes; and he has constant headaches from his head being "busted in an incident." Plaintiff maintains these conditions make it difficult for him to walk up and down stairs and to pull himself into a high rack. He believes this also puts unnecessary strain on his remaining kidney.

On September 24th, Plaintiff alleges he went to the infirmary during sick call to make an appointment to obtain a renewal of the Prescription. He was seen by Nurse Kimberly Kellogg who, although authorized to give up to a thirty day extension, refused to give him an extension of the Prescription until he could be seen by a doctor. Further, he alleges she did not schedule an appointment for him to see the doctor until after the Prescription expired.

With respect to Nurse Douglas, Plaintiff alleges she stated in his medical records that he would see the doctor in seventy-two hours after being seen at sick call on September 24th. However, Plaintiff states he did not get to see the doctor until twenty days later. Plaintiff believes Nurse Douglas falsified the medical records.

On October 14, 2013, Plaintiff was seen by Dr. Murphy. Plaintiff, who is African American, requested a renewal of the Prescription. Dr. Murphy did not renew the Prescription.

Plaintiff maintains Dr. Murphy had no problem with giving a Caucasian inmate, identified as T. Hopkins, a lower rack prescription. Hopkins was in the same unit as the Plaintiff, was seen the same day, and was also given a one arm duty prescription. Plaintiff alleges Hopkins did not

previously have a lower rack prescription.

Plaintiff submitted a formal grievance, designated OR-13-01328, asserting that Dr. Murphy had failed to treat him equally when she refused to renew the Prescription. Dream Redic-Young responded to the grievance. She stated:

> You stated in your complaint Dr. Murphy was violating rule 2A-AR-832, which states inmates are to be treated equal. You were seen last by Dr. Murphy on October 14, 2013, for requesting a lower tier and lower rack. Documentation shows there was no medical basis for a script for lower rack or lower tier base[d] on your exam by the physician on October 14, 2013, or your physical upon intake. As for this grievance, I find [it] without merit.

Plaintiff believes this response was inadequate because it does not say what records were reviewed, whether she spoke with Dr. Murphy, does not mention the Prescription given by Dr. Ware, and does not mention that the Prescription expired while he was waiting to see the doctor.

With respect to Director Hobbs, Plaintiff objects to the fact that Director Hobbs refers to Dr. Murphy's clinical note that says the Plaintiff was not walking with a limp. Plaintiff states he was walking the same way he did when he was seen by Dr. Ware and given the Prescription. Further, Plaintiff states the fact that he was not in pain on the day he was seen by Dr. Murphy establishes that Dr. Ware did his job and the Prescription helped. Plaintiff maintains Director Hobbs was not doing his job to ensure that all inmates were treated equally.

In response to the grievance appeal, Director Hobbs stated:

> On October 14, Dr. Murphy saw you for script renewal. She noted you walked in effortlessly without limp, sat down in a low exam chair with no apparent distress and [your legs] and ankles had no obvious deformities. She noted there was no medical basis for a script based upon her examination and your intake history and physical.
>
> Dr. Murphy is licensed to practice medicine in the [S]tate of Arkansas and has seen and treated you as she deemed appropriate and clinically indicated based on her medical judgment.

> There is no evidence to support your allegations against Dr. Murphy; therefore, this appeal is without merit.

This decision ended the appeal process. Plaintiff then filed this lawsuit seeking a monetary award of 10 million dollars.

## 2.  Applicable Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

## 3.  The Medical Defendants' Motion to Dismiss

The Medical Defendants contend the complaint, as against them, must be dismissed for two reasons. First, they argue Dr. Murphy is entitled to dismissal as she is not named in the Amended Complaint. Second, they maintain Plaintiff has failed to allege any facts to state a constitutional

claim against them.

### (A). Naming of Dr. Murphy

In general, "an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). However, *pro se* documents are to be liberally construed. For purposes of this motion, I will assume that Plaintiff meant the amended complaint to supplement the original complaint. *See e.g., Ford v. Donovan*, 891 F. Supp. 2d 60, 62 (D.D.C. 2012)("Instead of superceding his original Complaint, as a typical Amended Complaint does, this later pleading supplements it. Given his *pro se* status, the Court will treat the combined pleadings as one joint Complaint"). The pleadings will therefore be considered together.

### (B). Failure to State a Claim--Denial of Medical Care

Plaintiff has asserted a denial of medical care claim. "Where a prisoner needs medical treatment prison officials are under a constitutional duty to see that it is furnished." *Crooks v. Nix*, 872 F.2d 800, 804 (8th Cir. 1989). "Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's ban against cruel and unusual punishments." *Krout v. Goemmer*, 583 F.3d 557, 567 (8th Cir. 2009)(*citing Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). To prevail on an Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)(*quoting Dulany v. Carnahan*, 132 F.3d 1234, 1239

(8th Cir.1997)).

No plausible claim is asserted here. With respect to his claim against Dr. Murphy, at most, he has alleged that she disagreed with Dr. Ware as to whether Plaintiff needed the Prescription. A disagreement between physicians over a course of treatment is not actionable. *See e.g., Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). Nor is Plaintiff's disagreement with Dr. Murphy's medical opinion actionable. *See Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1118-19 (8th Cir. 2007)(prison doctors remain free to exercise their independent medical judgment and an inmate's difference of opinion over issues of medical judgment or a course of treatment does not establish a constitutional violation).

Nurse Kellogg and Nurse Douglas were at most negligent in failing to schedule an appointment for Plaintiff to be seen by Dr. Murphy prior to the expiration of the Prescription. Negligence does not state a claim. *See e.g., Fourte v. Faulkner County, Ark.*, 746 F.3d 384, 387 (8th Cir. 2014)(deliberate indifference is more than negligence or even gross negligence).

Finally, Ms. Young's only role was in responding to the Plaintiff's grievance. She exercised no independent medical judgment and was not personally involved in making any medical decisions. *See e.g., Ripson v. Alles*, 21 F.3d 805, 808-09 (8th Cir. 1994)(§ 1983 liability requires personal or direct involvement in the alleged constitutional violation). Further, alleged inadequacies in the grievance procedure or in the grievance responses do not state a constitutional violation. *See e.g., Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(grievance procedure is procedural right only and does not confer any substantive right).

**(C). Equal Protection Claim Against Dr. Murphy**

The Equal Protection Clause of the Fourteenth Amendment requires that "all persons

similarly situated should be treated alike." *City of Cleburne, Texas v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). An equal protection claim is stated when a fundamental right has been infringed or a state actor intentionally discriminates against the plaintiff because of membership in a protected class. *See e.g., Purisch v. Tennessee Technological University*, 76 F.3d 1414, 1424 (6th Cir. 1996).

Here, Plaintiff attempts to base his Equal Protection claim on the fact that both he and Hopkins were in the same pod, Hopkins is Caucasian, and he was given a lower rack prescription. However, Plaintiff makes no allegations that they are similarly situated so far as their physical and medical conditions. This is fatal to his claim. No claim of constitutional dimension is stated here.

### 4. Hobbs' Motion to Dismiss

Director Hobbs argues he is entitled to dismissal of the official capacity claim because of sovereign immunity. With respect to the individual capacity claim, Director Hobbs argues Plaintiff has failed to state a claim of constitutional dimension.

#### (A). Sovereign Immunity

"Claims against individuals in their official capacities are equivalent to claims against the entity for which they work." *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). Thus, Plaintiff's official capacity claim against Director Hobbs is a claim against the ADC. *Id.* The ADC is a state agency. *See Fegans v. Norris*, 351 Ark. 200, 206, 89 S.W.3d 919 (2002). The ADC is entitled to sovereign immunity. *See e.g. Campbell v. Arkansas Department of Correction*, 155 F.3d 950, 962 (8th Cir. 1998).

#### (B). Failure to State a Claim

Director Hobbs' sole connection with this case is the fact that he responded to Plaintiff's

grievance appeal. He exercised no independent medical judgment and was not personally involved in making any medical decisions. *See e.g., Ripson v. Alles*, 21 F.3d 805, 808-09 (8th Cir. 1994)(§ 1983 liability requires personal or direct involvement in the alleged constitutional violation). Furthermore, "denial of [Plaintiff's] grievances does not state a substantive constitutional claim." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### 5. Conclusion

For the reasons stated, I recommend that the Motions to Dismiss (Docs. 16 & 18) be granted and this case dismissed without prejudice.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of February, 2015.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE